```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Ewin Oscar Martinez

    v.                                      Civil No. 14-cv-231-LM

United States of America et al.[1]


## REPORT AND RECOMMENDATION

Ewin Oscar Martinez has filed a complaint (doc. no. 1) alleging that during his transfer to, and incarceration at, the Federal Correctional Institution, Berlin, New Hampshire ("FCI-Berlin"), he was, on two occasions, subjected to excessive force.  His claims are asserted under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 ("FTCA").  The matter is before this Court for preliminary review to determine, among other things, whether the Complaint asserts any claim upon which relief might be granted.  See 28 U.S.C. § 1915A(a); LR 4.3(d)(1).

---

[1] In addition to the United States, Martinez names the following defendants to this action in their individual capacities: G. Brown, R. Langley, J. Hess, [first name unknown] Galleta, and B. Santos.

**STANDARD**

In determining whether a pro se pleading states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading, and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**BACKGROUND**

**I.   May 14, 2013**

Martinez, a federal inmate, was transferred from a prison in New York to FCI-Berlin on May 14, 2013.  According to the Complaint, the transfer took approximately thirteen hours, during which time FCI-Berlin officer G. Brown kept Martinez shackled at the ankles in "undersized cuffs."  Despite Martinez's complaints of pain and requests for relief, Martinez asserts, Brown refused to remove the cuffs during the transport, causing pain and injury to Martinez.

**II.  June 28, 2013**

On June 28, 2013, while housed in the Special Housing Unit ("SHU") at FCI-Berlin, Martinez suffered a medical emergency. In preparation for and during his transport from SHU to the FCI-Berlin medical facility, Martinez asserts, defendants Lt. J. Hess and Capt. Galleta ordered that Martinez be handcuffed behind his back and placed, face up, onto his wrists.  At the time Martinez weighed 260 pounds.  Martinez was made to lie on his wrists for twenty to twenty-five minutes, during which time he alleges he made the officers aware of the pain in his wrists. Martinez asserts that he suffered pain and injury due to the weight of his body resting on his handcuffed wrists.

**III. Retaliatory Acts**

Martinez also alleges that while he was at FCI-Berlin, he was retaliated against because he had a reputation for filing complaints and/or lawsuits against corrections officers. Defendants R. Langley, J. Hess, Capt. Galleta, and B. Santos allegedly engaged in retaliation against him that took the form of: charging Martinez with false or exaggerated disciplinary reports; requiring Martinez to be last in line in his unit to receive medical care; giving Martinez a work assignment that he

3

was physically unable to perform; unnecessarily restrictive housing; excessive monitoring of his whereabouts in the prison; and verbal harassment.  Martinez states that the retaliatory disciplinary reports were either expunged or received mild sanctions; that he was given medical care for his injuries; and that he received a medical pass allowing him not to have a job beyond his physical capabilities.

## CLAIMS

Martinez asserts the following grounds for relief:

    1.   Martinez is entitled to relief, under <u>Bivens</u>, against defendants Brown, Hess, and Galleta, in their individual capacities, for violations of his Eighth Amendment right not to be subject to excessive force when: (a) Brown held him in undersized ankle cuffs that were too tight during his transfer to FCI-Berlin on May 14, 2013; and (b) Hess and Galleta directed that he be placed, on his back, onto his handcuffed wrists for twenty to twenty-five minutes, while he was transported to the prison medical unit on June 28, 2013.

    2.   Martinez is entitled to relief against defendant United States, under the FTCA, for the negligent use of excessive force by Brown on May 14, 2013, and Hess and Galleta on June 28, 2013.

    3.   Martinez is entitled to relief against defendants Brown, Langley, Hess, Galleta, and Santos, for violating his First Amendment rights by subjecting him to adverse acts and harassment in retaliation for his previous filing of grievances and lawsuits against corrections officers.

## I. Excessive Force

Applying the standard set forth above, the Court finds that service of the excessive force and negligence claims to be warranted. In an Order issued simultaneously with this Report and Recommendation, the Court directs service of the Bivens excessive force claims against defendants Brown, Hess, and Galleta, and the related FTCA claims upon the United States.

## II. Retaliation

To state a claim for retaliation for the exercise of First Amendment rights, an inmate must allege: (1) that the conduct which led to the retaliation was protected by the First Amendment; (2) that he suffered non-de minimis adverse action at the hands of the prison officials; and (3) that there was a causal link between the exercise of his First Amendment rights and the adverse action taken. See Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011); Starr v. Dube, 334 F. App'x 341, 342 (1st Cir. 2009). An adverse act taken in response to protected conduct is not de minimis, however, if it would deter an individual of ordinary firmness from exercising First Amendment rights. See Starr, 334 F. App'x at 342.

Martinez has failed to allege that the adverse acts at

issue were more than de minimis. Martinez's allegations of verbal harassment and threats of discipline, reversed or reduced disciplinary reports, monitoring of his whereabouts, and an appropriate work assignment, from which he was quickly relieved, are not the sort of acts that would chill the exercise of First Amendment rights by an inmate of ordinary firmness. See id. at 342-343 (adverse act is de minimis if: it causes only "a few days of discomfort; the imposition of a minor sanction; inmate can defend themselves from a retaliatory disciplinary report; a disciplinary report is later dismissed; or where there is no "substantial" impact on inmate (internal quotation marks and citations omitted)). Accordingly, the Court finds that Martinez has failed to state an actionable retaliation claim.

## CONCLUSION

For the foregoing reasons, the retaliation claims asserted against any Defendant should be dismissed from this action. Defendants Langley and Santos should be dropped from this action. In an Order issued this date, the Court directs service of the FTCA claims upon the United States, and the related Bivens excessive force claims against Brown, Hess, and Galleta, in their individual capacities.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the District Court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                        Andrea K. Johnstone
                                        United States Magistrate Judge

August 11, 2014

cc:   Ewin Oscar Martinez, pro se