UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Ewin Oscar Martinez

   v.                                          Civil No. 14-cv-231-LM

United States of America et al.


**REPORT AND RECOMMENDATION**

    Ewin Oscar Martinez, proceeding pro se, brings a Bivens[1] action against individually named defendants G. Brown, J. Hess, and Captain Galletta, whose first name is unknown, who are all corrections officers at the Federal Correctional Institution, Berlin, New Hampshire ("FCI-Berlin").  In this action, Martinez alleges that the defendants violated his Eighth Amendment right not to be subject to excessive force.  Martinez also brings a claim under the Federal Tort Claims Act ("FTCA") against the United States for negligent use of force by the individually named defendants.

    Before me for a Report and Recommendation as to disposition is the defendants' motion to dismiss (doc. no. 18), filed pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure.  Martinez objects (doc. nos. 20 and 22).

---

[1] See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

**Standard of Review**

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Analyzing plausibility is "a context-specific task" in which the court relies on its "judicial experience and common sense." Id. at 679.

Because Martinez is proceeding pro se, the court construes his pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

**Background**[2]

## I. May 14, 2013 Incident

Martinez, a federal inmate, was transferred from a prison in New York to FCI-Berlin on May 14, 2013.  Defendant Brown placed him in ankle shackles that were too small for him.  When Martinez complained that they were too tight, Brown ignored his complaints and refused to replace them with larger ones, even after being ordered to do so by his superior officer.[3]  Despite larger-sized shackles being available, Brown falsely claimed that there were none.

Martinez experienced intense pain, and complained to Brown about that pain, immediately and consistently throughout the thirteen-hour transport.  Brown responded to Martinez's complaints by stating: "You will survive, Martinez," and to his request for medication to relieve the pain: "I am not your doctor."  Martinez claims that the undersized shackles were so tight that they injured his feet and caused his feet to become inflamed and blue.  Further, Martinez asserts that he needed help getting out of the bus and walking.

---

[2]The court relies on the factual assertions in Martinez's original complaint (doc. no. 1) and his objections (doc. nos. 20 and 22) to the motion to dismiss, which have been construed to be part of the complaint in this matter for all purposes.

[3]Martinez was also restrained with handcuffs and a belly chain during the May 14, 2013, transport.

Martinez's foot pain did not subside after the shackles were removed. He has significant ongoing pain, scarring, and his right foot "sleeps," even when he is walking. These injuries are attributable to the undersized shackles used during his May 14, 2013 transport.

## II. June 28, 2013 Incident

On June 28, 2013, Martinez suffered a health incident that required him to be removed from his cell and transported to FCI-Berlin's medical facility. Defendants Hess and Galletta ordered Martinez handcuffed behind his back, and then placed face up, on top of his handcuffed wrists, on a stretcher for twenty to twenty-five minutes. At the time, Martinez weighed 260 pounds. Martinez experienced terrible pain and made the offers aware of his pain, including crying out: "You are cutting off my hands." Defendants took no action in response to his complaints. Martinez's hands turned blue/violet, were swollen and inflamed, and were almost bleeding when the handcuffs were finally repositioned at the instruction of the medical facility doctor.

The injuries to his hands were attended to by Nurse Blodeau. Defendant Galleta ordered Blodeau to not include the injury or condition of Martinez's hands in his medical record. Martinez experiences significant ongoing pain in his hands.

**Discussion**

I.  **Eighth Amendment Claims**

Defendants assert that Martinez's allegations of excessive force fail to state an Eighth Amendment claim upon which relief may be granted because the force used, and injuries which incurred, were de minimus.  Defendants further claim that Martinez has not alleged specific facts evidencing a state of mind that defendants acted "maliciously and sadistically for the very purpose of causing harm."  Martinez responds that the defendants' words and actions demonstrate that they acted with the requisite mental state, and that the injuries he received are more than de minimis.

To state an excessive force claim, Martinez must plead sufficient facts to demonstrate that the force used against him "'was applied . . . maliciously and sadistically to cause harm,'" rather than "'in a good-faith effort to maintain or restore discipline.'"  Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)).  An officer's use of excessive force may violate the Eighth Amendment, even where the inmate suffers no serious injury.  See Wilkins, 559 U.S. at 34 (citing Hudson, 503 U.S. at 7).  "[D]e minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of

mankind," however, do not violate the Eighth Amendment. Hudson, 503 U.S. at 9-10 (internal quotation marks and citations omitted).

Excessively tight restraints may constitute excessive force. Johnson v. Rodriguez, No. 1:12-cv-00820-AWI-SAB (PC), 2014 U.S. Dist. LEXIS 176340, *13 (E.D. Cal. Dec. 22, 2014) (citing Wall v. Cnty. of Orange, 364 F.3d 1107, 1112 (9th Cir. 2004) (ignoring a prisoner's repeated pleas to remove handcuffs could constitute excessive force where the tightness of the cuffs causes the prisoner lasting pain or injury)); see also Galberth v. Durkin, No. 9:14-CV-0115 BKS/ATB, 2014 U.S. Dist. LEXIS 178774, *24 (N.D.N.Y. Dec. 8, 2014) (collecting cases), report and recommendation approved in relevant part, 2014 U.S. Dist. LEXIS 178638, *1 (N.D.N.Y. Dec. 31, 2014); Lynch ex rel. Lynch v. City of Mt. Vernon, 567 F. Supp. 2d 459, 468 (S.D.N.Y. 2008) (in evaluating the reasonableness of handcuffing, the court must consider whether the handcuffs were unreasonably tight, whether the defendants ignored the plaintiff's statements that the handcuffs were too tight, and the degree of injury).

Even accepting for the limited purpose of ruling on this motion, that the use of restraints on May 14 and June 28, 2013, was initially justified, Martinez has alleged sufficient facts to state excessive force claims occurring on those dates. Further, Martinez has alleged facts that, accepted as true, show

more than a de minimis use of force on those occasions. Martinez asserts that defendants in both instances heard and ignored Martinez's complaints of significant pain, and refused to either put Martinez into larger shackles on May 14, 2013, or to reposition Martinez and/or the handcuffs on the stretcher on June 28, 2013. In both instances, the application of restraints, and failure to take reasonable steps to remedy the injurious situation caused thereby, caused Martinez significant and ongoing pain and injury, sufficient to state a claim that he suffered more than de minimis injuries on both occasions. Accordingly, defendants' motion to dismiss Martinez's Eighth Amendment excessive force claims should be denied.

## I.  **FTCA Claims**

The FTCA vests the district courts with exclusive jurisdiction to hear "civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment . . .." 28 U.S.C. § 1346(b)(1). The substantive law of New Hampshire governs Martinez's FTCA claims. See Gonzalez-Rucci v. United States I.N.S., 539 F.3d 66, 69 (1st Cir. 2008).

Defendants argue that Martinez's FTCA claims should be dismissed because state law provides immunity from suit to the

defendants.  Under New Hampshire law, a law enforcement officer is justified in using force "when and to the extent that he reasonably believes it necessary to effect an arrest or detention or to prevent the escape from custody of an arrested or detained person."  N.H. Rev. Stat. Ann. § 627:5.  When such an officer is justified in using force, the officer is "immune from civil liability for personal injuries sustained by" an individual harmed by the use of force.  Id. at § 627:1-a.

This court finds that Martinez's assertions are sufficient to state a claim that the defendants' acts in restraining him on May 14 and June 28, 2013, exceeded what the defendant officers could reasonably believe to be necessary under the circumstances.  Accordingly, the court recommends that the district judge deny the motion to dismiss the FTCA claims.

## Conclusion

For the foregoing reasons, the court recommends that the district judge deny the defendants' motion to dismiss (doc. no. 18).  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617

F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

May 14, 2015

cc:  Ewin Oscar Martinez, pro se
     Michael T. McCormack, Esq.